RULE 113.1. CONFIDENTIAL INFORMATION AND CONFIDENTIAL DOCUMENTS. CERTIFICATION.

Unless public access is otherwise constrained by applicable authority, any attorney, or any party if unrepresented, or any affiant who files a document pursuant to these rules with the **issuing authority or** clerk of court**[']**s**'** office shall comply with the requirements of Sections 7.0 and 8.0 of the **_Case Records_** _Public Access Policy of the Unified Judicial System of Pennsylvania_**[:** _**Case Records of the Appellate and Trial Courts**_**]** (Policy). In accordance with the Policy, the filing shall include a certification of compliance with the Policy and, as necessary, a Confidential Information Form, unless otherwise specified by rule or order of court, or a Confidential Document Form." **[Nothing in this rule applies to any document filed with a magisterial district judge.]**

> _Comment_: "Applicable authority," as used in this rule, includes but is not limited to statute, procedural rule, or court order. The **_Case Records_** _Public Access Policy of the Unified Judicial System of Pennsylvania_**[:** _**Case Records of the Appellate and Trial Courts**_**]** (Policy) can be found on the website of the Supreme Court of Pennsylvania at: http://www.pacourts.us/public-records. The Policy is applicable to all filings by the parties or an affiant in any criminal court case.
>
> Sections 7.0(D) and 8.0(D) of the Policy provide that the certification shall be in substantially the following form:
>
> > I certify that this filing complies with the provisions of the **_Case Records_** _Public Access Policy of the Unified Judicial System of Pennsylvania_**[:** _**Case Records of the Appellate and Trial Courts**_**]** that require filing confidential information and documents differently than non-confidential information and documents.
>
> Filings may require further precautions, such as placing certain types of information in a "Confidential Information Form." The Confidential Information Form and the Confidential Document Form can be found at: http://www.pacourts.us/public-records/public-records-forms. In lieu of the Confidential Information Form, Section 7.0(C) of the Policy provides for a court to adopt a rule or order permitting the filing of a document in two versions, a "Redacted Version" and an "Unredacted Version."

In addition to the restrictions above, a filing party should be cognizant of the potential impact that inclusion of personal information may have on an individual's privacy rights and security.  Therefore, inclusion of such information should be done only when necessary or required to effectuate the purpose of the filing.  Consideration of the use of sealing or protective orders also should be given if inclusion of such information is necessary.

While the **Public Access** Policy is not applicable to orders or other documents filed by a court, judges should give consideration to the privacy interests addressed by the Policy when drafting an order that might include information considered confidential under the Policy.

NOTE:  New Rule 113.1 adopted January 5, 2018, effective January 6, 2018 **[.]** **; amended June 1, 2018, effective July 1, 2018.**

*         *         *         *         *         *

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the provisions of the new rule published for comment at 48 Pa.B. 487 (January 20, 2018).*

*Amendments regarding the changes to the Court's public access policy published with the Court's Order at 48 Pa.B.       (          , 2018).*

RULE 206. CONTENTS OF APPLICATION FOR SEARCH WARRANT

Each application for a search warrant shall be supported by written affidavit(s) signed and sworn to or affirmed before an issuing authority, which affidavit(s) shall:

(1) state the name and department, agency, or address of the affiant;

(2) identify specifically the items or property to be searched for and seized;

(3) name or describe with particularity the person or place to be searched;

(4) identify the owner, occupant, or possessor of the place to be searched;

(5) specify or describe the crime which has been or is being committed;

(6) set forth specifically the facts and circumstances which form the basis for the affiant's conclusion that there is probable cause to believe that the items or property identified are evidence or the fruit of a crime, or are contraband, or are expected to be otherwise unlawfully possessed or subject to seizure, and that these items or property are or are expected to be located on the particular person or at the particular place described;

(7) if a "nighttime" search is requested (*i.e.*, 10 p.m. to 6 a.m.), state additional reasonable cause for seeking permission to search in nighttime; **[and]**

(8) when the attorney for the Commonwealth is requesting that the affidavit(s) be sealed pursuant to Rule 211, state the facts and circumstances which are alleged to establish good cause for the sealing of the affidavit(s)**[.]** **; and**

**(9) a certification that the application complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* regarding confidential information and documents.**

> COMMENT: For the contents of the search warrant, see Rule 205.
>
> While this rule continues to require written affidavits, the form of affidavit was deleted in 1984 because it is no longer necessary to control the specific form of written affidavit by rule.
>
> The 2005 amendments to paragraph (6) recognize anticipatory search warrants. To satisfy the requirements of paragraph (6) when the warrant being requested is for a prospective event, the application for the search warrant also

must include a statement explaining how the affiant knows that the items to be seized on a later occasion will be at the place specified. *See Commonwealth v. Coleman*, **[574 Pa. 261,]** 830 A.2d 554 (**Pa.** 2003), and *Commonwealth v. Glass*, **[562 Pa. 187,]** 754 A.2d 655 (**Pa.** 2000).

When the attorney for the Commonwealth is requesting that the search warrant affidavit(s) be sealed, the affidavit(s) in support of the search warrant must set forth the facts and circumstances the attorney for the Commonwealth alleges establish that there is good cause to seal the affidavit(s). *See also* Rule 211(B)(2). Pursuant to Rule 211(B)(1), when the attorney for the Commonwealth requests that the search warrant affidavit be sealed, the application for the search warrant must be made to a judge of the court of common pleas or to an appellate court justice or judge, who would be the issuing authority for purposes of this rule. For the procedures for sealing search warrant affidavit(s), see Rule 211.

**_See_ Rule 113.1 regarding the _Case Records Public Access Policy of the Unified Judicial System of Pennsylvania_ and the requirements regarding filings and documents that contain confidential information.**

NOTE: Previous Rule 2006 adopted October 17, 1973, effective 60 days hence; rescinded November 9, 1984, effective January 2, 1985. Present Rule 2006 adopted November 9, 1984, effective January 2, 1985; amended September 3, 1993, effective January 1, 1994; renumbered Rule 206 and amended March 1, 2000, effective April 1, 2001; amended October 19, 2005, effective February 1, 2006 **[.] ; amended June 1, 2018, effective July 1, 2018.**

\*　　　\*　　　\*　　　\*　　　\*

*COMMITTEE EXPLANATORY _REPORTS_:*

*_Report_ explaining the September 3, 1993 amendments published at 21 _Pa.B._ 3681 (August 17, 1991).*

*Final Report* explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).

*Final Report* explaining the October 19, 2005 amendments to paragraph (6) and the *Comment* published with the Court's Order at 35 Pa.B. 6087 (November 5, 2005).

*Amendment regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (_____, 2018).*

RULE 403.  CONTENTS OF CITATION.

(A)  Every citation shall contain:

(1)  the name and address of the organization, and badge number, if any, of the law enforcement officer;

(2)  the name and address of the defendant;

(3)  a notation if the defendant is under 18 years of age and whether the parents or guardians have been notified of the charge(s);

(4)  the date and time when the offense is alleged to have been committed, provided however, if the day of the week is an essential element of the offense charged, such day must be specifically set forth;

(5)  the place where the offense is alleged to have been committed;

(6)  a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

(7)  the date of issuance;

(8)  a notation if criminal laboratory services are requested in the case;

(9)  a verification by the law enforcement officer that the facts set forth in the citation are true and correct to the officer's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities **[.] ; and**

**(10) a certification that the citation complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* regarding confidential information and documents.**

(B)  The copy delivered to the defendant shall also contain a notice to the defendant:

(1)  that the original copy of the citation will be filed before the issuing authority of the magisterial district designated in the citation, the address and number of which shall be contained in the citation; and

(2)  that the defendant shall, within 10 days after issuance of the citation:

    (a)  plead not guilty by:

        (i)  notifying the proper issuing authority in writing of the plea and forwarding as collateral for appearance at trial an amount equal to the fine and costs specified in the citation, plus any additional fee required by law.  If the amount is not specified, the defendant shall forward the sum of $50 as collateral for appearance at trial; or

        (ii)  appearing before the proper issuing authority, entering the plea, and depositing such collateral for appearance at trial as the issuing authority shall require.  If the defendant cannot afford to pay the collateral specified in the citation or the $50, the defendant must appear before the issuing authority to enter a plea; or

    (b)  plead guilty by:

        (i)  notifying the proper issuing authority in writing of the plea and forwarding an amount equal to the fine and costs when specified in the statute or ordinance, the amount of which shall be set forth in the citation; or

        (ii)  appearing before the proper issuing authority for the entry of the plea and imposition of sentence, when the fine and costs are not specified in the citation or when required to appear pursuant to Rules 409(B)(3), 414(B)(3), or 424(B)(3); or

    (c)  appear before the proper issuing authority to request consideration for inclusion in an accelerated rehabilitative disposition program;

(3)  that all checks forwarded for the fine and costs or for collateral shall be made payable to the magisterial district number set forth on the citation;

(4)  that failure to respond to the citation as provided above within the time specified:

    (a)  shall result in the issuance of a summons when a violation of an ordinance or any parking offense is charged, or when the defendant is under 18 years of age, and in all other cases shall result in the issuance of a warrant for the arrest of the defendant; and

7

(b) shall result in the suspension of the defendant's driver's license when a violation of the Vehicle Code is charged;

(5) that failure to indicate a plea when forwarding an amount equal to the fine and costs specified on the citation shall result in a guilty plea being recorded; and

(6) that, if the defendant is convicted or has pleaded guilty, the defendant may appeal within 30 days for a trial de novo.

> COMMENT: A law enforcement officer may prepare, verify, and transmit a citation electronically. The law enforcement officer contemporaneously must give the defendant a paper copy of the citation containing all the information required by this rule. Nothing in this rule is intended to require the defendant to sign the citation.
>
> ***See* Rule 113.1 regarding the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and the requirements regarding filings and documents that contain confidential information.**
>
> Paragraph (A)(3) requires the law enforcement officer who issues a citation to indicate on the citation if the defendant is a juvenile and, if so, whether the juvenile's parents were notified. See the Judicial Code, 42 Pa.C.S. § 1522, concerning parental notification in certain summary cases involving juveniles.
>
> Paragraph (A)(8) requires the law enforcement officer who issues a citation to indicate on the citation whether criminal laboratory services are requested in the case. This information is necessary to inform the magisterial district judge that, in addition to any fines, restitution, or costs, the magisterial district judge may be required to sentence the defendant to pay a criminal laboratory user fee. See 42 Pa.C.S. § 1725.3 which requires that a defendant be sentenced to pay a criminal laboratory user fee in certain specified cases when laboratory services are required to prosecute the case.
>
> As provided in paragraph (B)(2)(b)(i), the defendant may plead guilty by mail only when the fine and costs are set

forth in the citation. The law enforcement officer may specify the fine and costs in the citation only when the penalty provided by law does not include a possible sentence of imprisonment and the statute or ordinance fixes the specific amount for the fine.

Paragraph (B)(4)(a) provides for notice to the defendant who is under 18 years of age that a summons will be issued if the defendant fails to respond to the citation.

Paragraph (B)(4)(b) provides notice to the defendant that his or her license will be suspended if the defendant fails to respond to the citation or summons within the time specified in the rules. See 75 Pa.C.S. § 1533.

Paragraph (B)(5) provides a uniform procedure for handling cases in which a defendant returns the fine and costs but fails to sign the citation and, therefore, does not indicate a plea. See Rule 407.

Paragraph (B)(6) was amended in 2000 to make it clear in a summary criminal case that the defendant may file an appeal for a trial de novo following the entry of a guilty plea. See Rule 460 (Notice of Appeal).

It is intended that the notice to the defendant, required by paragraph (B) to be on the copy of the citation delivered to the defendant, shall be simply worded so the plain meaning of the notice is easily understandable.

For consequences of defects in a citation, see Rule 109.

With regard to the "proper" issuing authority as used in these rules, see Rule 130.

See Rule 401 for procedures for instituting cases in which there is a parking violation. When the parking violation information is electronically transmitted as permitted by Rule 401(A), only a summons is issued as provided in Rule 411.

NOTE: Previous rule, originally numbered Rule 133(a) and Rule 133(b), adopted January 31, 1970, effective May 1,

1970; renumbered Rule 53(a) and 53(b) September 18, 1973, effective January 1, 1974; amended January 23, 1975, effective September 1, 1975; Comment revised January 28, 1983, effective July 1, 1983; rescinded July 12, 1985, effective January 1, 1986, and not replaced in these rules. Present Rule 53 adopted July 12, 1985, effective January 1, 1986.  The January 1, 1986 effective dates all are extended to July 1, 1986; amended February 1, 1989, effective as to cases instituted on or after July 1, 1989; amended January 31, 1991, effective July 1, 1991; amended June 3, 1993, effective as to new citations printed on or after July 1, 1994; amended July 25, 1994, effective January 1, 1995; renumbered Rule 403 and Comment revised March 1, 2000, effective April 1, 2001; amended March 3, 2000, effective July 1, 2000; Comment revised February 6, 2003, effective July 1, 2003; amended August 7, 2003, effective July 1, 2004; amended January 26, 2007, effective February 1, 2008 [.] **; amended June 1, 2018, effective July 1, 2018.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the January 31, 1991 amendments published at 20 <u>Pa.B.</u> 4788 (September 15, 1990); <u>Supplemental</u> <u>Report</u> published at 21 <u>Pa.B.</u> 621 (February 16, 1991).*

*<u>Report</u> explaining the June 3, 1993 amendments published with the Court's Order at 23 <u>Pa.B.</u> 2809 (June 19, 1993).*

*<u>Report</u> explaining the July 25, 1994 amendments published with Court's Order at 24 <u>Pa.B.</u> 4068 (August 13, 1994).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the March 3, 2000 amendments concerning appeals from guilty pleas published with the Court's Order at 30 <u>Pa.B.</u> 1509 (March 18, 2000).*

*Final Report* explaining the February 6, 2003 *Comment* revisions cross-referencing Rule 401 concerning electronic transmission of parking citations published with the Court's Order at 33 Pa.B. 973 (February 22, 2003).

*Final Report* explaining the August 7, 2003 amendments to paragraph (B)(4)(a) concerning juveniles published with the Court's Order at 33 Pa.B. 4289 (August 30, 2003).

*Final Report explaining the January 26, 2007 amendments to paragraph (B)(2)(b)(ii) and revisions to the Comment published with the Court's Order at 37 Pa.B. 752 (February 17, 2007).*

*Amendments regarding the Court's public access policy published with the Court's Order at 48 Pa.B.___ (_____, 2018).*

RULE 420.  FILING OF COMPLAINT.

When the affiant is not a law enforcement officer, the affiant shall institute a criminal proceeding in a summary case by filing a complaint with the proper issuing authority.

COMMENT: With regard to the "proper" issuing authority as used in these rules, see Rule 130.

**Complaints filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and may require further precautions, such as placing certain types of information in a "Confidential Information Form" or providing both a redacted and unredacted version of the filing.  *See* Rule 113.1.**

NOTE:  Previous Rule 65 adopted September 18, 1973, effective January 1, 1974; rescinded July 12, 1985, effective January 1, 1986, and replaced by present Rules 409(B), 414(B), 424, 430(D), 431, and 456.  Present Rule 65, adopted July 12, 1985, effective January 1, 1986.  The January 1, 1986 effective dates all are extended to July 1, 1986; renumbered Rule 420 and *Comment* revised March 1, 2000, effective April 1, 2001 **[.] ; Comment revised June 1, 2018, effective July 1, 2018**

\*          \*          \*          \*          \*          \*

**COMMITTEE EXPLANATORY REPORTS:**

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 1, 2000).*

*Amendments regarding the Court's public access policy published with the Court's Order at 48 Pa.B.      (              , 2018).*

RULE 504.  CONTENTS OF COMPLAINT.

Every complaint shall contain:

(1)  the name of the affiant;

(2)  the name and address of the defendant, or if unknown, a description of the defendant as nearly as may be;

(3)  a direct accusation to the best of the affiant's knowledge, or information and belief, that the defendant violated the penal laws of the Commonwealth of Pennsylvania;

(4)  the date when the offense is alleged to have been committed; provided, however:

> (a)  if the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations; and

> (b)  if the date or day of the week is an essential element of the offense charged, such date or day must be specifically set forth;

(5)  the place where the offense is alleged to have been committed;

(6)  (a)  in a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint.  However, a citation of the statute allegedly violated, by itself, shall not be sufficient for compliance with this subsection; or

> (b)  in a summary case, a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

(7)  a statement that the acts of the defendant were against the peace and dignity of the Commonwealth of Pennsylvania or in violation of an ordinance of a political subdivision;

(8)  a notation if criminal laboratory services are requested in the case;

(9)  a notation that the defendant has or has not been fingerprinted;

(10)  a request for the issuance of a warrant of arrest or a summons, unless an arrest has already been effected;

13

(11)  a verification by the affiant that the facts set forth in the complaint are true and correct to the affiant's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities; **[and]**

(12)  **a certification that the complaint complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* regarding confidential information and documents; and**

**(13)** the signature of the affiant and the date of the execution of the complaint.

> COMMENT:  This rule sets forth the required contents of all complaints whether the affiant is a law enforcement officer, a police officer, or a private citizen.  When the affiant is a private citizen, the complaint must be submitted to an attorney for the Commonwealth for approval.  *See* Rule 506.  When the district attorney elects to proceed under Rule 507 (Approval of Police Complaints and Arrest Warrant Affidavits by Attorney for the Commonwealth - Local Option), the police officer must likewise submit the complaint for approval by an attorney for the Commonwealth.
>
> Ordinarily, whenever a misdemeanor, felony, or murder is charged, any summary offense in such a case, if known at the time, should be charged in the same complaint, and the case should proceed as a court case under Chapter 5 Part B.  *See Commonwealth v. Caufman*, **[541 Pa. 299,]** 662 A.2d 1050 (**Pa.** 1995) and *Commonwealth v. Campana*, **[455 Pa. 622,]** 304 A.2d 432 (**Pa.** 1973), vacated and remanded, 414 U.S. 808 (1973), on remand, **[454 Pa. 233,]** 314 A.2d 854 (**Pa.** 1974) (compulsory joinder rule).  In judicial districts in which there is a traffic court established pursuant to 42 Pa.C.S. §§ 1301-1342, when a summary motor vehicle offense within the jurisdiction of the traffic court arises in the same criminal episode as another summary offense or a misdemeanor, felony, or murder offense, see 42 Pa.C.S. § 1302 and *Commonwealth v. Masterson,* **[275 Pa.Super. 166],** 418 A.2d 664 (**Pa. Super.** 1980).
>
> Paragraph (8) requires the affiant who prepares the complaint to indicate on the complaint whether criminal laboratory services are requested in the case.  This

information is necessary to alert the magisterial district judge, the district attorney, and the court that the defendant in the case may be liable for a criminal laboratory user fee. *See* 42 Pa.C.S. § 1725.3 that requires a defendant to be sentenced to pay a criminal laboratory user fee in certain specified cases when laboratory services are required to prosecute the case.

The requirement that the affiant who prepares the complaint indicate whether the defendant has been fingerprinted as required by the Criminal History Record Information Act, 18 Pa.C.S. § 9112, is included so that the issuing authority knows whether it is necessary to issue a fingerprint order with the summons as required by Rule 510.

***See* Rule 113.1 regarding the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and the requirements regarding filings and documents that contain confidential information.**

NOTE: Original Rule 104 adopted June 30, 1964, effective January 1, 1965; suspended January 31, 1970, effective May 1, 1970. New Rule 104 adopted January 31, 1970, effective May 1, 1970; renumbered Rule 132 September 18, 1973, effective January 1, 1974; amended October 22, 1981, effective January 1, 1982; amended November 9, 1984, effective January 2, 1985; amended July 25, 1994, effective January 1, 1995; renumbered Rule 104 and *Comment* revised August 9, 1994, effective January 1, 1995; renumbered Rule 504 and *Comment* revised March 1, 2000, effective April 1, 2001; *Comment* revised March 9, 2006, effective September 1, 2006; amended July 10, 2008, effective February 1, 2009 **[.] ; amended June 1, 2018, effective July 1, 2018.**


\*          \*          \*          \*          \*          \*


*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the July 25, 1994 amendment published with Court's Order at 24 <u>Pa.B.</u> 4068 (August 13, 1994).*

*__Report__ explaining the August 9, 1994 __Comment__ revisions published at 22 __Pa.B.__ 6 (January 4, 1992); __Final__ __Report__ published with the Court's Order at 24 __Pa.B.__ 4342 (August 27, 1994).*

*__Final__ __Report__ explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 __Pa.B.__ 1478 (March 18, 2000).*

*__Final__ __Report__ explaining the March 9, 2006 __Comment__ revision published with the Court's Order at 36 __Pa.B.__ 1385 (March 25, 2006).*

*__Final__ __Report__ explaining the July 10, 2008 amendments adding new paragraph (9) requiring a notation concerning fingerprinting published with the Court's Order at 38 __Pa.B.__ 3971 (July 26, 2008).*

*__Amendment regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (_____, 2018).__*

RULE 513.  REQUIREMENTS FOR ISSUANCE; DISSEMINATION OF
                ARREST WARRANT INFORMATION.

(A)  For purposes of this rule, "arrest warrant information" is defined as the criminal complaint in cases in which an arrest warrant is issued, the arrest warrant, any affidavit(s) of probable cause, and documents or information related to the case.

(B)  ISSUANCE OF ARREST WARRANT

(1)  In the discretion of the issuing authority, advanced communication technology may be used to submit a complaint and affidavit(s) for an arrest warrant and to issue an arrest warrant.

(2)  No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology.  The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

(3)  Immediately prior to submitting a complaint and affidavit to an issuing authority using advanced communication technology, the affiant must personally communicate with the issuing authority in person, by telephone, or by any device which allows for simultaneous audio-visual communication.  During the communication, the issuing authority shall verify the identity of the affiant, and orally administer an oath to the affiant. In any telephonic communication, if the issuing authority has a concern regarding the identity of the affiant, the issuing authority may require the affiant to communicate by a device allowing for two-way simultaneous audio-visual communication or may require the affiant to appear in person.

(4)  At any hearing on a motion challenging an arrest warrant, no evidence shall be admissible to establish probable cause for the arrest warrant other than the affidavits provided for in paragraph (B)(2).


(C)  DELAY IN DISSEMINATION OF ARREST WARRANT INFORMATION

The affiant or the attorney for the Commonwealth may request that the availability of the arrest warrant information for inspection and dissemination be delayed.  The arrest warrant affidavit shall include the facts and circumstances that are alleged to establish good cause for delay in inspection and dissemination.

(1)  Upon a finding of good cause, the issuing authority shall grant the request and order that the availability of the arrest warrant information for inspection and dissemination be delayed for a period of 72 hours or until receipt of notice by the

17

issuing authority that the warrant has been executed, whichever occurs first. The 72-hour period of delay may be preceded by an initial delay period of not more than 24 hours, when additional time is required to complete the administrative processing of the arrest warrant information before the arrest warrant is issued. The issuing authority shall complete the administrative processing of the arrest warrant information prior to the expiration of the initial 24-hour period.

(2) Upon the issuance of the warrant, the 72-hour period of delay provided in paragraph (C)(1) begins.

(3) In those counties in which the attorney for the Commonwealth requires that complaints and arrest warrant affidavits be approved prior to filing as provided in Rule 507, only the attorney for the Commonwealth may request a delay in the inspection and dissemination of the arrest warrant information.

COMMENT: This rule was amended in 2013 to add provisions concerning the delay in inspection and dissemination of arrest warrant information. Paragraph (A) provides a definition of the term "arrest warrant information" that is used throughout the rule. Paragraph (B) retains the existing requirements for the issuance of arrest warrants. Paragraph (C) establishes the procedures for a temporary delay in the inspection and dissemination of arrest warrant information prior to the execution of the warrant.

ISSUANCE OF ARREST WARRANTS

Paragraph (B)(1) recognizes that an issuing authority either may issue an arrest warrant using advanced communication technology or order that the law enforcement officer appear in person to apply for an arrest warrant.

This rule does not preclude oral testimony before the issuing authority, but it requires that such testimony be reduced to an affidavit prior to issuance of a warrant. All affidavits in support of an application for an arrest warrant must be sworn to before the issuing authority prior to the issuance of the warrant. The language "sworn to before the issuing authority" contemplates, when advanced communication technology is used, that the affiant would not be in the physical presence of the issuing authority. *See* paragraph (B)(3).

**All affidavits and applications filed pursuant to this rule are public records. However, in addition to restrictions**

18

**placed by law and rule on the disclosure of confidential information, the filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and may require further precautions, such as placing certain types of information in a "Confidential Information Form" or providing both a redacted and unredacted version of the filing. *See* Rule 113.1.**

This rule carries over to the arrest warrant the requirement that the evidence presented to the issuing authority be reduced to writing and sworn to, and that only the writing is subsequently admissible to establish that there was probable cause. In these respects, the procedure is similar to that applicable to search warrants. *See* Rule 203. For a discussion of the requirement of probable cause for the issuance of an arrest warrant, see *Commonwealth v. Flowers*, 369 A.2d 362 (Pa. Super. 1976).

The affidavit requirements of this rule are not intended to apply when an arrest warrant is to be issued for noncompliance with a citation, with a summons, or with a court order.

An affiant seeking the issuance of an arrest warrant, when permitted by the issuing authority, may use advanced communication technology as defined in Rule 103.

When advanced communication technology is used, the issuing authority is required by this rule to (1) determine that the evidence contained in the affidavit(s) establishes probable cause, and (2) verify the identity of the affiant.

Verification methods include, but are not limited to, a "call back" system, in which the issuing authority would call the law enforcement agency or police department that the affiant indicates is the entity seeking the warrant; a "signature comparison" system whereby the issuing authority would keep a list of the signatures of the law enforcement officers whose departments have advanced communication technology systems in place, and compare the signature on the transmitted information with the signature on the list; or an established password system.

Under Rule 540, the defendant receives a copy of the warrant and supporting affidavit at the time of the preliminary

19

arraignment.

DELAY IN DISSEMINATION OF ARREST WARRANT
INFORMATION

Paragraph (C) was added in 2013 to address the potential
dangers to law enforcement and the general public and the
risk of flight when arrest warrant information is disseminated
prior to the execution of the arrest warrant.  The paragraph
provides that the affiant or the attorney for the
Commonwealth may request, for good cause shown, the
delay in the inspection and dissemination of the arrest
warrant information for 72 hours or until receipt of notice by
the issuing authority that the warrant has been executed,
whichever occurs first.  Upon a finding of good cause, the
issuing authority must delay the inspection and
dissemination.

The request for delay in inspection and dissemination is
intended to provide a very limited delay in public access to
arrest warrant information in those cases in which there is
concern that pre-execution disclosure of the existence of the
arrest warrant will endanger those serving the warrant or will
impel the subject of the warrant to flee.  This request is
intended to be an expedited procedure with the request
submitted to an issuing authority.

A request for the delay in dissemination of arrest warrant
information made in accordance with this rule is not subject
to the requirements of Rule 576.

Once the issuing authority receives notice that the arrest
warrant is executed, or when 72 hours have elapsed from
the issuance of the warrant and the warrant has not been
executed, whichever occurs first, the information must be
available for inspection or dissemination unless the
information is sealed pursuant to Rule 513.1.

The provision in paragraph (C)(2) that provides up to 24
hours in the delay of dissemination and inspection prior to
the issuance of the arrest warrant recognizes that, in some
cases, there may be administrative processing of the arrest
warrant request that results in a delay between when the

20

request for the 72-hour period of delay permitted in paragraph (C)(1) is approved and when the warrant is issued.  In no case may this additional period of delay exceed 24 hours and the issuing authority must issue the arrest warrant within the 24-hour period.

When determining whether good cause exists to delay inspection and dissemination of the arrest warrant information, the issuing authority must consider whether the presumption of openness is rebutted by other interests that include, but are not limited to, whether revealing the information would allow or enable flight or resistance, the need to protect the safety of police officers executing the warrant, the necessity of preserving the integrity of ongoing criminal investigations, and the availability of reasonable alternative means to protect the interest threatened by disclosure.

Nothing in this rule is intended to limit the dissemination of arrest warrant information to court personnel as needed to perform their duties.  Nothing in this rule is intended to limit the dissemination of arrest warrant information to or by law enforcement as needed to perform their duties.

Pursuant to paragraph (C)(3), in those counties in which the district attorney's approval is required only for certain, specified offenses or grades of offenses, the approval of the district attorney is required for a request to delay inspection and dissemination only for cases involving those specified offenses.

NOTE: Rule 119 adopted April 26, 1979, effective as to arrest warrants issued on or after July 1, 1979; *Comment* revised August 9, 1994, effective January 1, 1995; renumbered Rule 513 and amended March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002; amended December 23, 2013, effective March 1, 2014; amended November 3, 2017, effective January 1, 2108 **[.]** **; *Comment* revised June 1, 2018, effective July 1, 2018.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the August 9, 1994 <u>Comment</u> revisions published at 22 <u>Pa.B.</u> 6 (January 4, 1992); <u>Final</u> <u>Report</u> published with the Court's Order at 24 <u>Pa.B.</u> 4342 (August 27, 1994).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the May 10, 2002 amendments concerning advanced communication technology published with the Court's Order at 32 <u>Pa.B.</u> 2582 (May 25, 2002).*

*<u>Final</u> <u>Report</u> explaining the December 23, 2013 amendments providing procedures for delay in dissemination and sealing of arrest warrant information published with the Court's Order at 44 <u>Pa.B.</u> 239 (January 11, 2014).*

*<u>Final</u> <u>Report</u> explaining the November 9, 2017 amendments regarding electronic technology for swearing affidavits published with the Court's Order at 47 <u>Pa.B.</u> 7177 (November 25, 2017).*

*<u>Comment revision regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (            , 2018).</u>*

RULE 560.  INFORMATION:  FILING, CONTENTS, FUNCTION.

(A)  After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

(B)  The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

> (1)  a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

> (2)  the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;

> (3)  the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

> (4)  the county where the offense is alleged to have been committed;

> (5)  a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint;

> (6)  a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth" ; and

> (7) a certification that the information complies with the provisions of the**[*Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts]* _Case Records Public Access Policy of the Unified Judicial System of Pennsylvania_** regarding confidential information and documents.

(C)  The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.

(D)  In all court cases tried on an information, the issues at trial shall be defined by such information.

COMMENT:  The attorney for the Commonwealth may

electronically prepare, sign, and transmit the information for filing.

Before an information is filed, the attorney for the Commonwealth may withdraw one or more of the charges by filing a notice of withdrawal with the clerk of courts. *See* Rule 561(A). Upon the filing of an information, any charge not listed on the information will be deemed withdrawn by the attorney for the Commonwealth. *See* Rule 561(B). After the information is filed, court approval is required before a *nolle prosequi* may be entered on a charge listed therein. *See* Rule 585.

In any case in which there are summary offenses joined with the misdemeanor, felony, or murder charges that are held for court, the attorney for the Commonwealth must include the summary offenses in the information. *See Commonwealth v. Hoffman*, 594 A.2d 772 (Pa. Super. 1991).

*See* Rule 113.1 regarding the **[*Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts]* *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*** and the requirements regarding filings and documents that contain confidential information.

When there is an omission or error of the type referred to in paragraph (C), the information should be amended pursuant to Rule 564.

*See* Rule 543(D) for the procedures when a defendant fails to appear for the preliminary hearing. When the preliminary hearing is held in the defendant's absence and the case is held for court, the attorney for the Commonwealth should proceed as provided in this rule.

*See* Chapter 5 Part E for the procedures governing indicting grand juries. As explained in the *Comment* to Rule 556.11, when the grand jury indicts the defendant, this is the functional equivalent to holding the defendant for court following a preliminary hearing.

NOTE: Rule 225 adopted February 15, 1974, effective immediately; *Comment* revised January 28, 1983,

24

effective July 1, 1983; amended August 14, 1995, effective January 1, 1996; renumbered Rule 560 and amended March 1, 2000, effective April 1, 2001; *Comment* revised April 23, 2004, effective immediately; *Comment* revised August 24, 2004, effective August 1, 2005; *Comment* revised March 9, 2006, effective September 1, 2006; amended June 21, 2012, effective in 180 days; amended January 5, 2018, effective January 6, 2018 **[.] ; amended June 1, 2018, effective July 1, 2018.**


\*        \*        \*        \*        \*        \*


*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the August 14, 1995 amendments published with the Court's Order at 25 <u>Pa.B.</u> 3468 (August 26, 1995).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the April 23, 2004 <u>Comment</u> revision published with the Court's Order at 34 <u>Pa.B.</u> 2543 (May 15, 2004).*

*<u>Final</u> <u>Report</u> explaining the August 24, 2004 <u>Comment</u> revision concerning failure to appear for preliminary hearing published with the Court's Order at 34 <u>Pa.B.</u> 5025 (September 11, 2004).*

*<u>Final</u> <u>Report</u> explaining the March 9, 2006 Comment revision concerning joinder of summary offenses with misdemeanor, felony, or murder charges published with the Court's Order at 36 <u>Pa.B.</u> 1385 (March 25, 2006).*

*<u>Final</u> <u>Report</u> explaining the June 21, 2012 amendments to paragraph (A) concerning indicting grand juries published with the Court's Order at 42 <u>Pa.B.</u> 4140 (July 7, 2012).*

*<u>Final</u> <u>Report</u> explaining the January 5, 2018 amendment regarding the Court's public access policy published with the Court's Order at 48 <u>Pa.B.</u> 487 (January 20, 2018).*

*<u>Amendment regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (_____, 2018).</u>*

25

RULE 575.  MOTIONS AND ANSWERS.

(A)  MOTIONS

(1)  All motions shall be in writing, except as permitted by the court or when made in open court during a trial or hearing.

(2)  A written motion shall comply with the following requirements:

(a)  The motion shall be signed by the person or attorney making the motion.  The signature of an attorney shall constitute a certification that the attorney has read the motion, that to the best of the attorney's knowledge, information, and belief there is good ground to support the motion, and that it is not interposed for delay.  The motion also shall contain a certification that the motion complies with the provisions of the [*Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts] Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* regarding confidential information and documents.

(b)  The motion shall include the court, caption, term, and number of the case in which relief is requested.

(c)  The motion shall state with particularity the grounds for the motion, the facts that support each ground, and the types of relief or order requested.

(d)  The motion shall be divided into consecutively numbered paragraphs, each containing only one material allegation as far as practicable.

(e)  The motion shall include any requests for hearing or argument, or both.

(f)  The motion shall include a certificate of service as required by Rule 576(B)(4).

(g)  If the motion sets forth facts that do not already appear of record in the case, the motion shall be verified by the sworn affidavit of some person having knowledge of the facts or by the unsworn written statement of such a person that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

(3)  The failure, in any motion, to state a type of relief or a ground therefor shall constitute a waiver of such relief or ground.

(4)  Any motion may request such alternative relief as may be appropriate.

26

(5)  Rules to Show Cause and Rules Returnable are abolished.  Notices of hearings are to be provided pursuant to Rules 114(B) and 577(A)(2).

(B)  ANSWERS

(1)  Except as provided in Rule 906 (Answer to Petition for Post-Conviction Collateral Relief), an answer to a motion is not required unless the judge orders an answer in a specific case as provided in Rule 577.  Failure to answer shall not constitute an admission of the facts alleged in the motion.

(2)  A party may file a written answer, or, if a hearing or argument is scheduled, may respond orally at that time, even though an answer is not required.

(3)  A written answer shall comply with the following requirements:

(a)  The answer shall be signed by the person or attorney making the answer.  The signature of an attorney shall constitute a certification that the attorney has read the answer, that to the best of the attorney's knowledge, information, and belief there is good ground to support the answer, and that it is not interposed for delay.  The answer also shall contain a certification that the answer complies with the provisions of the **[*Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts]* _Case Records Public Access Policy of the Unified Judicial System of Pennsylvania_** regarding confidential information and documents.

(b)  The answer shall meet the allegations of the motion and shall specify the type of relief, order, or other action sought.

(c)  The answer shall include a certificate of service as required by Rule 576(B)(4).

(d)  If the answer sets forth facts that do not already appear of record in the case, the answer shall be verified by the sworn affidavit of some person having knowledge of the facts or by the unsworn written statement of such a person that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

(e)  The answer shall be filed not later than 10 days after service of the motion, unless otherwise ordered by the court.

(C)  Format of Motions, Answers, and Briefs

All motions, answers, and briefs must conform to the following requirements:

(1) The document shall be on 8 1/2 inch by 11 inch paper.

(2) The document shall be prepared on white paper (except for dividers and similar sheets) of good quality.

(3) The first sheet shall contain a 3-inch space from the top of the paper for all court stampings, filing notices, etc.

(4) The text must be double spaced, but quotations more than two lines long may be indented and single spaced. Margins must be at least one inch on all four sides.

(5) The lettering shall be clear and legible and no smaller than point 12. The lettering shall be on only one side of a page, except that exhibits and similar supporting documents may be lettered on both sides of a page.

(6) Documents and papers shall be firmly bound.

(D) Unified Practice

Any local rule that is inconsistent with the provisions of this rule is prohibited, including any local rule requiring a party to attach a proposed order to a motion or an answer, requiring an answer to every motion, or requiring a cover sheet or a backer for any motion or answer.

COMMENT: For the definition of "motion," see Rule 103.

*See* Rule 1005 for the procedures for pretrial applications for relief in the Philadelphia Municipal Court.

"Rules to Show Cause" and "Rules Returnable" were abolished in 2004 because the terminology is arcane, and the concept of these "rules" has become obsolete. These "rules" have been replaced by the plain language "notice of hearings" provided in Rule 577(A)(2).

Pursuant to paragraphs (A)(2)(f) and (B)(3)(c), and Rule 576(B)(4), all filings by the parties must include a certificate of service setting forth the date and manner of service, and the names, addresses, and phone numbers of the persons served.

Although paragraph (B)(1) does not require an answer to every motion, the rule permits a judge to order an answer in

a specific case. *See* Rule 114 for the requirements for the filing and serving of orders, and for making docket entries.

Paragraph (B)(1) changes prior practice by providing that the failure to answer a motion in a criminal case never constitutes an admission. Although this prohibition applies in all cases, even those in which an answer has been ordered in a specific case or is required by the rules, the judge would have discretion to impose other appropriate sanctions if a party fails to file an answer ordered by the judge or required by the rules.

*See* Rule 113.1 regarding the **[*Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*] *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*** and the requirements regarding filings and documents that contain confidential information.

Paragraph (C), added in 2006, sets forth the format requirements for all motions, answers, and briefs filed in criminal cases. These new format requirements are substantially the same as the format requirements in Pennsylvania Rule of Appellate Procedure 124(a) and Pennsylvania Rule of Civil Procedure 204.1.

The format requirements in paragraph (C) are not intended to apply to pre-printed and computer-generated forms prepared by the Administrative Office of Pennsylvania Courts; to charging documents; to documents routinely used by court-related agencies; or to documents routinely prepared or utilized by the courts.

*Pro se* defendants may submit handwritten documents that comply with the other requirements in paragraph (C) and are clearly readable.

Paragraph (D), titled "Unified Practice," was added in 2004 to emphasize that local rules must not be inconsistent with the statewide rules. Although this prohibition on local rules that are inconsistent with the statewide rules applies to all criminal rules through Rule 105 (Local Rules) and Pa.R.J.A. No. 103(d), the reference to the specific prohibitions is included because these types of local rules have been identified by practitioners as creating significant impediments to the statewide practice of law within the unified judicial

29

system.  *See* Pa.R.J.A. No. 103(d)(1).  The term "local rule" includes every rule, regulation, directive, policy, custom, usage, form or order of general application.  *See* Pa.R.J.A. No. 103(d)(1).

The prohibition on local rules mandating cover sheets was added because cover sheets are no longer necessary with the addition of the Rule 576(B)(1) requirement that the court administrator be served a copy of all motions and answers.

Although paragraph (D) precludes local rules that require a proposed order be included with a motion, a party should consider whether to include a proposed order.  Proposed orders may aid the court by defining the relief requested in the motion or answer.


NOTE:  Former Rule 9020 adopted October 21, 1983, effective January 1, 1984; renumbered Rule 574 and amended March 1, 2000, effective April 1, 2001; rescinded March 2, 2004, effective July 1, 2004.  Former Rule 9021 adopted October 21, 1983, effective January 1, 1984; renumbered Rule 575 and amended March 1, 2000, effective April 1, 2001; Rules 574 and 575 combined as Rule 575 and amended March 2, 2004, effective July 1, 2004; amended July 7, 2006, effective February 1, 2006; amended January 5, 2018, effective January 6, 2018 **[.] ; amended June 1, 2018, effective July 1, 2018.**


\*          \*          \*          \*          \*          \*



*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 2, 2004 rule changes combining Rule 574 with Rule 575 published with the Court's Order at 34 Pa.B. 1561 (March 20, 2004).*

*Final Report explaining the July 7, 2006 addition of the format requirements in paragraph (C) published with the Court's Order at 36 Pa.B. 3808 (July 22, 2006).*

*Final Report explaining the January 5, 2018 amendment regarding the Court's public access policy published with the Court's Order at 48 Pa.B. 487 (January 20, 2018).*

*Amendment regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (            , 2018).*

RULE 578.  OMNIBUS PRETRIAL MOTION FOR RELIEF.

Unless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion.

COMMENT:  Types of relief appropriate for the omnibus pretrial motions include the following requests:

(1)  for continuance;
(2)  for severance and joinder or consolidation;
(3)  for suppression of evidence;
(4)  for psychiatric examination;
(5)  to quash or dismiss an information;
(6)  for change of venue or venire;
(7)  to disqualify a judge;
(8)  for appointment of investigator;
(9)  for pretrial conference;
(10) challenging the array of an indicting grand jury;
(11) for transfer from criminal proceedings to juvenile proceedings pursuant to 42 Pa.C.S. § 6322; and
(12) proposing or opposing the admissibility of scientific or expert evidence.

The omnibus pretrial motion rule is not intended to limit other types of motions, oral or written, made pretrial or during trial, including those traditionally called motions *in limine*, which may affect the admissibility of evidence or the resolution of other matters.  The earliest feasible submissions and rulings on such motions are encouraged.

*See* Pa.R.E. 702 and 703 regarding the admissibility of scientific or expert testimony.  Pa.R.E. 702 codifies Pennsylvania's adherence to the test to determine the admissibility of expert evidence first established in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) and adopted by the Pennsylvania Supreme Court in *Commonwealth v. Topa*, 369 A.2d 1277 (Pa. 1977). Given the potential complexity when the admissibility of such evidence is challenged, such challenges should be raised in advance of trial as part of the omnibus pretrial motion if possible.  However, nothing in this rule  precludes such challenges from being raised in a motion *in limine* when circumstances necessitate it.

32

All motions filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the motions are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* and may require further precautions, such as placing certain types of information in a "Confidential Information Form" or providing both a redacted and unredacted version of the filing.  *See* Rule 113.1.

*See* Rule 113.1 regarding the **[*Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts]** *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and the requirements regarding filings and documents that contain confidential information.

*See* Rule 556.4 for challenges to the array of an indicting grand jury and for motions to dismiss an information filed after a grand jury indicts a defendant.

NOTE:  Formerly Rule 304, adopted June 30, 1964, effective January 1, 1965; amended and renumbered Rule 306 June 29, 1977 and November 22, 1977, effective as to cases in which the indictment or information is filed on or after January 1, 1978; amended October 21, 1983, effective January 1, 1984; *Comment* revised October 25, 1990, effective January 1, 1991; *Comment* revised August 12, 1993, effective September 1, 1993; renumbered Rule 578 and *Comment* revised March 1, 2000, effective April 1, 2001; *Comment* revised June 21, 2012, effective in 180 days; *Comment* revised July 31, 2012, effective November 1, 2012; *Comment* revised September 25, 2017, effective January 1, 2018; *Comment* revised January 5, 2018, effective January 6, 2018 **[.]** **;** *Comment* **revised June 1, 2018, effective July 1, 2018.**

\*　　　\*　　　\*　　　\*　　　\*　　　\*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the October 25, 1990 Rule 306 <u>Comment</u> revision published at 12 <u>Pa.B.</u> 1696 (March 24, 1990).*

*<u>Report</u> explaining the August 12, 1993 <u>Comment</u> revision published at 22 <u>Pa.B.</u> 3826 (July 25, 1992).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the June 21, 2012 revision of the <u>Comment</u> referencing indicting grand jury rules published with the Court's Order at 42 <u>Pa.B.</u> 4153 (July 7, 2012).*

*<u>Final</u> <u>Report</u> explaining the July 31, 2012 <u>Comment</u> revision adding motions for transfer published with the Court's Order at 42 <u>Pa.B.</u> 5333 (August 18, 2012).*

*<u>Final</u> <u>Report</u> explaining the September 25, 2017 Comment revision regarding pretrial challenges to the admissibility of expert evidence published with the Court's Order at 47 <u>Pa.B.</u> 6173 (October 7, 2017).*

*<u>Final</u> <u>Report</u> explaining the January 5, 2018 Comment revisions regarding the Court's public access policy published with the Court's Order at 48 <u>Pa.B.</u> 487 (January 20, 2018).*

*<u>Comment revisions regarding the Court's public access policy published with the Court's Order at 48 Pa.B.  (_____, 2018).</u>*